# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

December 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY L. HATFIELD,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0333**  (BOR Appeal No. 2046346)
(Claim No. 2000037525)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**GARY L. HATFIELD,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary L. Hatfield, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Gary M. Mazezka, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 17, 2012, in which the Board affirmed an August 19, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 24, 2008, decision granting Mr. Hatfield an additional 3% permanent partial disability award for his head injury. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Hatfield was a heavy equipment operator for his own company. Mr. Hatfield suffered an injury to his back, neck, and head when a backhoe he was loading slid backwards onto the ground. Mr. Hatfield's claim was initially held compensable for a lumbar sprain and subsequently held compensable for a sprain of the neck. He received a 29% permanent partial disability award for his injuries. Following the injury, Mr. Hatfield began complaining of neurological problems relating to a head trauma he sustained during the injury. He complained of dizziness, loss of memory, loss of sensation, trouble walking, and headaches. On June 18, 2007, the Office of Judges held the claim compensable for the additional conditions of headaches and head injury. Dr. Guberman then performed an independent medical evaluation on Mr. Hatfield. Dr. Guberman found that Mr. Hatfield had 3% whole person impairment relating to his head injury for loss of equilibrium and for headaches. The claims administrator granted Mr. Hatfield a 3% permanent partial disability award based on Dr. Guberman's report. Dr. Poletajev then performed an independent medical evaluation on Mr. Hatfield and found 21% whole person impairment for Mr. Hatfield's head injury based on his paroxysmal disorder and prolonged alterations of consciousness affecting his daily living. The Office of Judges affirmed the decision of the claims administrator on August 19, 2011. The Board of Review then affirmed the Order of the Office of Judges on February 17, 2012, leading Mr. Hatfield to appeal.

The Office of Judges concluded that Mr. Hatfield was not entitled to any greater than a 3% permanent partial disability award relating to his head injury. In making this determination the Office of Judges relied on the independent medical evaluation of Dr. Guberman. The Office of Judges considered the assessment and opinion of Dr. Poletajev. But the Office of Judges found that Dr. Poletajev provided an unreliable assessment of Mr. Hatfield's condition because his report was selectively and uncritically based on the subjective and inconsistent complaints of Mr. Hatfield. The Office of Judges found that Dr. Poletajev did not adequately reconcile his conclusions with the medical facts in the case. The Office of Judges also found no indication that Dr. Poletajev was qualified to provide an opinion of Mr. Hatfield's neurological condition. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Hatfield has not presented sufficient evidence demonstrating that he is entitled to a greater than 3% permanent partial disability award for his head injury. Although Dr. Poletajev found that Mr. Hatfield had 21% whole person impairment relating to his head injury, his assessment was found to be unreliable. There are numerous inconsistencies in the account of Mr. Hatfield's neurological problems and Dr. Poletajev's assessment fails to critically consider these inconsistencies. The assessment of Dr. Guberman provides a more thorough evaluation of Mr. Hatfield's impairment and his finding of 3% whole person impairment relating to the head injury is more consistent with the record as a whole.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **December 11, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II